**In re The VINES, INC., Debtor.**

**Bankruptcy No. 88–10246–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 12, 1993.

Richard L. Blumenthal, Boston, MA.

Jeffrey Kitaeff, Trustee.

*MEMORANDUM OF DECISION ON MO-TION OF DEBTOR'S COUNSEL FOR EXTENSION AND OTHER RELIEF*

CAROL J. KENNER, Bankruptcy Judge.

Silverman and Kudisch, P.C., counsel to the Debtor in this case, has filed a Motion for Extension of Time to File Appeal or Other Relief Based Upon Order of Remand. In the motion, the movant asks that the Court extend the time to file a notice of appeal from this Court's order on the movant's fee application; and it also asks that the Court first hold a further hearing on the issue of fees. The Court sees no point in holding a further hearing, but the Court sees merit in reconsidering its earlier ruling in order to clarify its reasons for ruling as it did.

The Court has reconsidered the movant's fee application in light of the arguments set forth in movant's Motion for Reconsideration And/Or Amendment of Judgment. The standard for allowance of fees is the lodestar approach. *Boston & Maine Corp. v. Moore,* 776 F.2d 2 (1st Cir.1985) requires that the bankruptcy court determine a reasonable hourly rate, multiply it by the time reasonably expended, and then adjust it by certain factors. Applying this analysis here, the Court finds no reason to change its order of December 30, 1992, allowing fees in the amount of $8,000 and expenses of $849.75.

▆ However, the Court does find cause to clarify its memorandum. The movant seems to construe the memorandum as indicating that the Court's principal reason for allowing the movant less than it requested was poor results: the case turned out badly. This is a misinterpretation. The case did turn out badly, and Debtor's counsel is correct in arguing that this alone does not justify disallowing compensation for time actually expended (and I have no doubt that counsel actually expended all the time it claims to have expended). My point, however, was that counsel invested many hours in attempting to reorganize the Debtor when, all the while, it was clear the no reorganization was feasible.[1] And, by blindly pushing the

---

1. This should have been evident from the nature    of the Debtor's two main problems: huge pre-

Debtor in the wrong direction, counsel worsened the position of the Debtor's creditors.[2] Moreover, to the extent that any benefit accrued to creditors in this case, the benefit was produced by the Chapter 11 Trustee, who liquidated the assets and paid the secured creditors. Therefore, in view of the circumstances of the case, the number of hours expended was excessive, and the work performed was, to put the best light on it, largely ineffectual.

Here are three examples. First, Counsel's Supplemental Application for Fee, filed May 6, 1992, contains nine pages of time entries covering the almost two year period after July 17, 1990, on which date the Court authorized the appointment of the Chapter 11 Trustee. From that time forward, it was the Trustee, not the Debtor, that was in charge of the estate. Little, if any, of the work described in the nine pages resulted in any benefit to the estate.[3]

Second, counsel spent many hours drafting four disclosure statements, at least three of which were, at best, of only fair quality.[4] And third, counsel boasts (in support of its fee application) that he successfully fended off by negotiation three attempts—one each by the Internal Revenue Service, the Department of Revenue, and the United States Trustee—to either dismiss the Chapter 11 case or to convert it to a liquidation proceeding under Chapter 7. The Court sees in this not a success but a failure to see where the case was obviously and inevitably going, and to fashion a strategy accordingly.

The Court emphasizes that it is not evaluating counsel's efforts and strategy on the basis of hindsight. The deficiencies in counsel's strategy were all evident at the time. Counsel either was blind to them or chose to ignore them.

For these reasons, a separate order will enter reaffirming the Court's order on counsel's fee application and allowing counsel's motion for extension of time to file appeal.

### ORDER ON MOTION OF DEBTOR'S COUNSEL FOR EXTENSION AND OTHER RELIEF

Silverman and Kudisch, P.C., has filed a Motion for Extension of Time to File Appeal or Other Relief Based Upon Order of Remand. The motion to extend the time to file a notice of appeal from this Court's order on the movant's fee application is ALLOWED: the time to file a notice of appeal from this Court's order of December 30, 1992, on the fee application of Silverman and Kudisch, P.C., is hereby extended through the tenth day after the entry of this order on the docket in this case. And, the Court having reconsidered its order of December 30, 1992, on the fee application of Silverman and Kudisch, P.C., that order is hereby REAFFIRMED.

petition tax liabilities and income so small that the Debtor was unable to keep up with its postpetition tax liabilities. Even while in Chapter 11, when it was relieved from the pressure of having to pay its prepetition debts, the Debtor lacked the wherewithal to meet its ongoing operating expenses and to continue operating. Absent a large gift or equity investment, it had no means on funding payments on its prepetition debt. Its only realistic option was to liquidate.

2. Postpetition tax claims are of higher priority than prepetition unsecured claims; therefore, as the Debtor continued to operate in Chapter 11 and to accrue tax liabilities that it was unable to pay, the position of the prepetition unsecured creditors only worsened.

3. Some of the services may have benefitted the Debtor's principal, who probably faced substantial exposure to the taxing authority for the Debtor's "trust fund taxes."

4. For example, see the deficiencies of the First Amended Disclosure Statement described in the Landlord's Objection, filed September 29, 1989.